**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRYAN EDWARD VELASQUEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63517

FILED

SEP 18 2014


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from an order of the district court denying a "motion to withdraw no contest plea." Tenth Judicial District Court, Churchill County; Robert E. Estes, Senior Judge.

Appellant argues that the district court erred in denying his April 11, 2013, motion. In his motion, appellant claimed that his guilty plea was invalid because the facts as alleged did not support the charges or the convictions and because he did not understand his plea.

This court has recently held that post-conviction motions to withdraw guilty pleas should be construed as post-conviction petitions for a writ of habeas corpus. *See Harris v. State*, 130 Nev. ___, ___, ___ P.3d ___, ___ (Adv. Op. No. 47, June 12, 2014). Pursuant to NRS 34.726, a post-conviction petition for a writ of habeas corpus must be filed within one

year of the issuance of the remittitur on direct appeal or the filing of the judgment of conviction unless the petitioner can demonstrate cause for the delay and undue prejudice. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005) ("Application of the statutory procedural default rules to post-conviction habeas petitions is mandatory.").

Here, the district court considered appellant's claims on the merits and did not refer to the fact that appellant's motion was filed more than 11 years after the filing of the judgment of conviction on December 6, 2001. As discussed in *Harris*, the district court should have construed appellant's motion as a post-conviction petition for a writ of habeas corpus and then permitted appellant a reasonable time period to cure any defects with respect to the procedural requirements of NRS Chapter 34. *See* 130 Nev. at ___, P.3d at ___ (Adv. Op. No. 47, June 12, 2014, at 19). We reverse the decision of the district court and remand for the district court to construe the motion as a post-conviction petition for a writ of habeas corpus and to provide appellant an opportunity to cure any defects within a reasonable time period as set by the district court. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[1]In light of our decision to reverse and remand this matter for further proceedings before the district court, we decline to consider appellant's remaining arguments regarding the district court's decision to deny relief. This order constitutes our final disposition of this appeal. Any subsequent appeal shall be docketed as a new matter.

In addition, appellant sent a letter to this court that was received on June 26, 2014. In that letter, appellant asks this court to sanction counsel for failing to file an opening brief with this court and to appoint alternate counsel. Counsel had already filed an opening brief by the time this court received that letter and appellant was not given permission to file proper person documents with this court. *See* NRAP 46(b). Therefore, we will take no action on appellant's requests.

cc: Chief Judge, Tenth Judicial District
Hon. Robert E. Estes, Senior Judge
The Law Office of Jacob N. Sommer
Attorney General/Carson City
Churchill County District Attorney/Fallon
Churchill County Clerk